UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN MANLEY,

       Plaintiff,                       Case No. 1:11-cv-163

v.                                          HON. GORDON J. QUIST

HEIDI SMITH and TODD LAMBART,

       Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

On February 14, 2012, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that Defendants' Motion for Summary Judgment (docket no. 15), be granted. Plaintiff, Martin Manley, filed Objections to the R & R. (Docket nos. 30 & 31.) "The district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Manley's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted. Therefore, Defendants' Motion for Summary Judgment will be granted.

      **I.**      **Defendant Lambart**

Manley repeats similar arguments that he made to the Magistrate Judge by arguing that Defendant Registered Nurse (RN) Lambart delayed Manley's access to medical care when Lambart denied Manley's grievance against RN Smith. The R & R correctly noted, however, that a prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983. (R & R at 6, citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).)

Therefore, Manley's objections to the R & R as to the dismissal of claims against Defendant Lambart are overruled and Manley's motion for summary judgment will be granted.

## II. Defendant Smith

The R & R granted Defendant Smith's motion for summary judgment because Manley failed to establish that Smith violated Manley's Eighth Amendment rights. (R & R at 8.) Manley objects to the R & R by essentially repeating his argument that he made to the Magistrate Judge. This alone could be a sufficient reason to deny Manley's objections. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (stating that the filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object). Regardless, Smith did not inflict cruel and unusual punishment on Manley.

The only contact between Manley and RN Smith was Manley's request that he be provided a name-brand pain reliever from Health Care rather than the generic form of the pain reliever available at the prison store. RN Smith properly responded to this routine request based upon Manley's medical records and informed him that the medication stocked in the prison store is Ibuprofen, the generic brand of Motrin that Health Care provided. Moreover, the evidence shows that Manley made this very request to Dr. Potts in 2010.

In addition, this Court agrees with the R & R that "there is no evidence that RN Smith was *deliberately* indifferent to plaintiff's serious medical needs." (R & R at 12 (emphasis added).) Manley has put forth no evidence besides mere allegations to suggest that RN Smith was deliberately indifferent to Manley's serious medical needs. Therefore, this Court agrees with the R & R that Smith's actions do not amount to cruel and unusual punishment.

Manley's objections to the R & R as to the dismissal of claims against Defendant Smith are overruled and Smith's motion for summary judgment will be granted. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 14, 2012 (docket no. 29) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Manley's objections (docket nos. 30 & 31) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 15) is **GRANTED**.

This case is concluded.


Dated:  March 21, 2012              /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE